**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Kelley WILLIAMS, Defendant–
Appellant.**

**No. 12–31164.**

United States Court of Appeals,
Fifth Circuit.

Jan. 13, 2014.

Jon Michael Maestri, Kevin G. Boitmann, Diane Hollenshead Copes, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, New Orleans, LA, for Plaintiff–Appellee.

Herbert V. Larson, Jr., Sara A. Johnson, Law Offices of Herbert V. Larson, Jr., Julie Christine Tizzard, Esq., Tizzard Law Office, New Orleans, LA, for Defendant–Appellant.

Before REAVLEY, DAVIS, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Appellant raises no issue for the appeal except that the judge's statement, about knowing Ben Bagert for many years, was grounds for questioning the judge's impartiality as reason for his disqualification. Bagert was a victim of Williams' offense who testified at sentencing about the conduct of the defendant to which she had pleaded guilty.

There is here no impairment of a judge by preventing his ability to rule or decide fully free of personal partiality.

If appellant thought there could be a basis for any concern, she could have sought to inquire at the sentencing or thereafter even through motions to substitute counsel, to obtain bail pending appeal, and even to extend selfreporting, all filed to the same sentencing judge and unaccompanied by any motion to recuse or inquire further into the acquaintanceship disclosed at sentencing. With this record we must affirm.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.